JUVENILE AND DOMESTIC RELATIONS COURT OF THE
COUNTY OF HUDSON

ODIN LAWSON, PETITIONER, v. WILLIAM J. TIGHE, OVER-
SEER OF THE POOR AND DIRECTOR OF WELFARE OF
THE CITY OF UNION CITY, DEFENDANT.

Decided May 5, 1941.

For the petitioner, *Abraham Levine.*

For the defendant, *Fred Eichmann.*

BARISON, J.  The petitioner, Odin Lawson, petitions this
court for a summary review and determination of the action
of the defendant, William J. Tighe, Overseer of the Poor and
Director of Welfare of the City of Union City, in denying the
petitioner more and further relief than he is now obtaining.

The proof presented by both petitioner and the defendant is
succinctly hereinafter set forth.

The proof submitted by the petitioner shows that he is
35 years old, a citizen of the United States, residing in Union
City, Hudson County, married, and lives with his wife and
four children, ages two to seven years old: That he has
been on public relief in Union City since July 9th, 1935, and
has not contributed to the support of his family in the last
five years, being entirely dependent on public relief. He is
receiving at the present time from the Relief Welfare Depart-
ment of Union City the sum of $15 per month for rent;
$15.15 semi-monthly for food; one-half a ton of coal, $6
monthly; two quarts of milk daily at $8.36 for a 30-day
month; electric service allowance of $2.25; occasional shoe

orders for $2 adult shoes; and $1.50 children's shoes; occasional clothing of WPA sewing project design and quality; medicine and medical attention.

His proof further shows that for the month of January, 1941, he received $65.77, $2.25 for medicine, and had shoes repaired; for the month of February, 1941, he received $71.85 in relief for rent, coal, milk, medicine and food, and also received one ton of coal in the month of February when his children were ill and medicine amounting to $2.25, and medical attention rendered by doctors of the City of Union City free of charge; that from the 1st to the 20th day of March, 1941, he received the sum of $62.66 for relief.

The proof submitted by Albert R. Post, manager of the Municipal Service Division of the State Municipal Aid Administration shows that the New Jersey State Standards of relief are based upon surveys made by Rutgers University and other universities, and that there is a variation in relief in the various zones of the state and the state standards are binding upon the state in so far as state aid is concerned. That there are three zones in the State of New Jersey and the City of Union City comes within the classification of zone three. The Overseer or Director of Welfare may give more than prescribed by the standard set by the state, but that the state will not contribute more than its share of the standard fixed. The state standard in this particular case for a wife, husband and four children would amount to $60.59, divided as follows: food, including milk, $35.24 a month; shelter $14 a month; fuel $8, that would be average, for in July there would be no fuel and at the height of the winter it might be more; electric $2; gas $2.15, if they do not have coal stove; $1.20 a month for incidentals, making a total of $60.59. The state does not contribute for doctors when medical services are rendered to relief patients.

The proof of the defendant, William J. Tighe, Overseer of the Poor and Director of Welfare of the City of Union City, shows that the standard set by the state is the sum of $62.06, divided as follows: for food $30.30, milk $8.36; rent $15; electric $2.40, and $6 coal. Cod liver oil and additional coal was given when requested by the petitioner. There appears

to be a discrepancy as to the amount established by the state. However, the amount fixed by the defendant, William J. Tighe, exceeds the amount of state allowance fixed by Albert R. Post, manager of the Municipal Division of the State Municipal Aid Administration.

In addition to the relief hereinabove granted to the petitioner, an overcoat and trousers were given to the petitioner, house dresses for the petitioner's wife, snow suits, slips, underwear, pillow slips, sheets, towels, overalls, pajamas and blankets for the children; also shirts and shorts and a lumber jacket were given to the petitioner, and all of these items were not charged in the aforementioned amounts given to the petitioner.

The issue before this court is whether or not the defendant, William J. Tighe, Overseer of the Poor and Director of Welfare of the City of Union City should have granted more and further relief to the petitioner than he is presently receiving.

The jurisdiction of the Juvenile and Domestic Relations Court to summary review the action of the Overseer of the Poor is predicated upon *R. S.* 1937, 44:1-86; *N. J. S. A.* 44:1-86, which provides as follows:

*Determination by overseer as to persons to be relieved by him.* The overseer shall determine who are to be relieved by him, subject to appeal by any person, on at least five days' notice, to the juvenile and domestic relations court, by petition, in writing, for a summary review and determination by the court of the action of the overseer as to the extent and amount of relief, if any, to be rendered.

The legislature, by *R. S.* 1937, 44:1-87; *N. J. S. A.* 44:1-87, imposes upon the overseer of the poor, a duty to inquire into the facts, circumstances, and conditions of a person applying for relief, whether temporary or permanent. Further, he shall ascertain the direct or indirect cause of poverty, and whether the person requiring permanent relief is without home or is without relations who are, by law, required to maintain said person.

The overseer of the poor, upon completion of inquiring into the application for relief, shall grant relief as is provided for in *R. S.* 1937, 44:1-88; *N. J. S. A.* 44:1-88, as follows:

*Granting of relief.* Upon inquiry as provided in section 44:1-87 of this title the overseer shall by a written order render such aid and material relief *as he may in his discretion deem necessary* to the end that the person may not suffer unnecessarily from cold or hunger, or be deprived of shelter. * * * (Italics supplied.)

The statute therefore grants to the overseer of the poor the discretionary power to render such aid and material relief as he deems necessary so that indigent persons may not suffer unnecessarily from cold or hunger, or to be deprived of shelter.

The petitioner's contention is that the overseer of the poor has abused his discretionary power for his failure to render more and further relief and by summary review requests this court to determine whether or not there has been an abuse of such discretion. It is a settled rule that the exercise of a discretionary authority will not be disturbed unless palpably abused, *i. e.*, the action taken is arbitrary or capricious. *Dubin* v. *Wich,* 120 *N. J. L.* 469; 200 *Atl. Rep.* 751.

The proofs submitted to the court show that the overseer of the poor has granted relief to the petitioner in excess of the standards formulated by the State of New Jersey, and in addition thereto, the petitioner also received clothing, medicine and medical attention. Considering all of the proofs submitted both by the petitioner and the defendant, it does not appear that the overseer of the poor acted arbitrarily or unreasonably, and therefore, there has been no abuse of the discretion lodged with him by the legislature of New Jersey.

The petition for summary review is therefore dismissed.